PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BARBARA L. BAILEY, | ) |
|                 Plaintiff, | ) CASE NO. 4:14-cv-2809 ) ) |
|                 v. | ) JUDGE BENITA Y. PEARSON ) |
| EAST LIVERPOOL CITY HOSPITAL, *et al.*, | ) ) ) |
|                 Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 11] |

Pending before the Court is a motion to dismiss filed by Defendants East Liverpool City Hospital; East Liverpool City Hospital, Growing for Tomorrow and Today; River Valley Health Partners; and Cheryl Dieringer ("Defendants"). ECF. No. 11.  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons provided below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

### I.  Background

Plaintiff Barbara L. Bailey ("Bailey") brought this lawsuit against Defendants alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.  ECF No. 1.  Bailey alleges that, during a meeting on April 29, 2013, Defendant Dieringer asked Bailey if she would be retiring soon.  ECF No. 1 PageID #: 3 at ¶¶ 14-15.  Dieringer asked because Bailey was next in line for labor training, and the Hospital did not want to train Bailey if she did not plan on staying with the Hospital.  ECF No. 1 PageID #: 3

(4:14-cv-2809)

at ¶ 16.  Bailey asked if she could respond to the training offer upon her return from vacation; Dieringer responded affirmatively.  ECF No. 1 PageID #: 3 at ¶ 18.

While on vacation, Bailey contacted Dieringer to see if the training was still available.  ECF No. 1 PageID #: 3 at ¶ 19.  Dieringer replied that training was no longer available because the hospital was short staffed.  ECF No. 1 PageID #: 3-4 at ¶¶ 19-20.  After returning from vacation, Bailey learned that a younger, less-experienced nurse was being trained instead of her.  ECF No. 1 PageID #: 4 at ¶ 21.  Bailey filed a union grievance and was later informed she would be the next nurse to receive labor and delivery training.  ECF No. 1 PageID #: 4 at ¶ 22.  Bailey began training in March of 2014, but has not been able to finish training.  ECF No. 1 PageID #: 4 at ¶ 23.  Bailey subsequently suffered an injury while at work, and she contends that the delay in training left her ineligible for leave under the Family Medical Leave Act and forced her to pay health insurance expenses out of pocket.  ECF No. 1 PageID #: 4 at ¶¶ 24, 26.

Bailey timely filed the above-captioned action.  ECF No. 1.  Defendant, The City Hospital Association d/b/a East Liverpool City Hospital, filed an answer and does not join the pending motion to dismiss.  ECF No. 10.  On that same date, Defendants Cheryl Dieringer, East Liverpool City Hospital, East Liverpool City Hospital, Growing for Tomorrow and Today, and River Valley Health Partners moved to dismiss Bailey's case against them with prejudice.  ECF No. 11.  Bailey opposed Defendants' motion to dismiss.  ECF No. 14.  Defendants filed a reply in support of their motion to dismiss.  ECF No. 15.  With leave from the Court, Bailey filed a sur-reply.  ECF No. 21.  The matter is ripe for adjudication.

## II.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to "raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555

2

(4:14-cv-2809)

(2007). The alleged facts must "state a claim to relief that is plausible on its face." *Id.* at 570. Upon reviewing a motion to dismiss, the Court shall take the pleadings as true and construe them "liberally in favor of the party opposing the motion to dismiss." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (citing Fed. R. Civ. Pro. 8(a)(2)). A court may dismiss a claim if the court finds on the face of the pleading that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

In addition to reviewing the claims set forth in the complaint, a court may also consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also* F.R.E. Rule 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

(4:14-cv-2809)

### III. Discussion

Bailey's sole claim against Defendants is for age discrimination in violation of the ADEA.[1]  Under federal law, an ADEA claim can only be brought against an employer.  The ADEA, 29 U.S.C. § 621, *et seq.*, makes it unlawful for an employer to discriminate against any employee because of that individual's age.  29 U.S.C. § 623(a).  Defendants challenge Bailey's ability to bring action against them because they do not meet the ADEA's definition of employer.  The ADEA defines employer as:

> a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided, That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers.  The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b).  In their Motion to Dismiss, Defendants assert that (1) an individual cannot be held personally liable under the ADEA, and (2) East Liverpool City Hospital, East Liverpool City Hospital, Growing for Tomorrow and Today, and River Valley Health Partners are not Bailey's employer.  ECF No. 11 PageID #: 53-56.

**A. Cheryl Dieringer**

Defendant Dieringer ("Dieringer"), as alleged in the Complaint by Bailey, was the clinical director of the obstetrics department at East Liverpool City Hospital.  ECF No. 1 PageID

---

[1]  Bailey makes passing reference to Defendants being liable for age discrimination under Ohio common law.  ECF No. 1 PageID #: 5 at ¶ 32.  All Ohio state-law age discrimination claims must be brought pursuant to R.C. § 4112.02.  *See Meyer v. United Parcel Service, Inc.*, 909 N.E.2d 106, 115 (Ohio 2009) (recognizing that there is no common-law claim for age discrimination in Ohio); *Leininger v. Pioneer Nat'l. Latex*, 875 N.E.2d 36, 41 n.3 (Ohio 2007) (same); *Hoops v. United Tel. Co. of Ohio,* 553 N.E.2d 252, 256 (Ohio 1990) (same).

4

(4:14-cv-2809)

#: 3 at ¶ 13. Bailey alleges that "Dierigner [sic] subjected the plaintiff to an adverse employment action when the defendant and East Liverpool City Hospital Defendants trained an employee under the age of forty (40) instead of the plaintiff . . . ." ECF No. 1 PageID #: 4-5 at ¶ 29.

Defendants argue the Sixth Circuit has already determined that an individual cannot be held personally liable under the ADEA. *See Wathen v. Gen. Elec. Co.*, 115 F. 3d 400 (6th Cir 1997). In *Wathen*, the plaintiff filed suit against her employer and three individuals, alleging sexual harassment under Title VII. The Sixth Circuit stated that an individual employee/supervisor, who does not otherwise qualify as an "employer," cannot be held personally liable under Title VII. *Id*. at 405. Although *Wathen* involved discrimination under Title VII and not the ADEA, the Sixth Circuit observed that the "employer" definitions of each statute can be used interchangeably:

> The issue of an employee/supervisor's individual liability has been raised not only within the context of Title VII but also in its close counterparts, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12117. The liability schemes under Title VII, the ADEA, and the ADA are essentially the same in aspects relevant to this issue; they limit liability to the employer and use the term "agent" in defining employer. *See* 42 U.S.C. §§ 2000e–5(b), 2000e(b) (Title VII); 29 U.S.C. §§ 626(b), 630(b) (ADEA); 42 U.S.C. §§ 12112(a), 12111(5)(A) (ADA). Because Title VII, the ADEA, and the ADA define "employer" essentially the same way, an analysis based on Title VII, the ADEA, and the ADA case law is appropriate. *See E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1279–80 (7th Cir. 1995). Hence, we refer to and rely on case law under Title VII, ADEA, and the ADA throughout our opinion.

*Wathen*, 115 F.3d at 404 n.6. The Sixth Circuit agreed with the conclusion of the Second Circuit that it is "'inconceivable' that a Congress concerned with protecting small employers would simultaneously allow civil liability to run against individual employees." *Id.* at 406 (*quoting Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995)).

5

(4:14-cv-2809)

Bailey argues that the Sixth Circuit has not considered the issue of intentional or willful, wanton, malicious age discrimination by an individual agent and, as such, should adopt sister circuits examining the liability of an individual agent.  ECF No. 14 PageID #: 95.  Bailey relies on two unreported cases to convince the Court that an individual should be held personally liable under the ADEA, both of which are from outside the Sixth Circuit and precede *Wathen*.  ECF No. 14 PageID #: 95-98.  Although the Sixth Circuit has not considered the issue of intentional or willful, wanton, malicious age discrimination, it has unequivocally stated that a supervisor cannot be held individually liable under the ADEA.  *See* *Wathen*, 115 F. 3d 400; *see also* *Williams v. Michigan*, 52 F. App'x. 723, 724 (6th Cir. 2002) (holding that individual supervisors cannot be liable for employment discrimination under the ADEA); *Jones v. Memphis Bd. of Edu.*, 1998 WL 898829, *1 (6th Cir. Dec. 16, 1998) (same).  The Court is bound to follow *Wathen*.  Dieringer cannot be held individually liable under the ADEA.

The Court grants the motion to dismiss as to Cheryl Dieringer.  Bailey's claim against Deringer is dismissed with prejudice.

### B. East Liverpool City Hospital and East Liverpool City Hospital, Growing for Tomorrow and Today

In the Complaint, Bailey names East Liverpool City Hospital and East Liverpool City Hospital, Growing for Tomorrow and Today as two of her employers since April 2010.  ECF No. 1 PageID #: 2-3 at ¶ 11.  Defendants argue that East Liverpool City Hospital and East Liverpool City Hospital, Growing for Tomorrow and Today ("Trade Name Defendants") are trade names registered with the State of Ohio and do not employ any employees, including Bailey.  ECF No. 11 PageID #: 56.

Any business entity planning to transact business within Ohio, using a name other than their personal name, must register with the Ohio Secretary of State's office.  R.C. § 1701.04(A).

(4:14-cv-2809)

East Liverpool City Hospital and East Liverpool City Hospital, Growing for Tomorrow and Today are registered with the Ohio Secretary of State as trade names of The City Hospital Association.  *See* Ohio Secretary of State, http://www2.sos.state.oh.us/pls/bsqry/ f?p=100:1 (last visited August 31, 2015).  The City Hospital Association has admitted to employing Bailey and does not join the instant motion to dismiss.  ECF No. 10 PageID #: 46 at ¶ 10.  The suit against The City Hospital Association's trade names is, therefore, duplicative.  *See Rachells v. Cingular Wireless*, 483 F. Supp. 2d 583, 587 (N.D. Ohio 2007) (holding that the court "lacks jurisdiction to entertain a suit against trade names," but granting leave to amend the complaint to substitute the proper legal entity as the defendant to the lawsuit).

Bailey maintains that the Trade Name Defendants are proper parties to her lawsuit and relies on *Family Medicine Foundation v. Bright*, 772 N.E.2d 1177 (Ohio 2002) for support.  ECF No. 14 PageID #: 99.  In *Bright*, the plaintiff sued a medical clinic operating under a fictitious name.  The Supreme Court of Ohio reviewed the certified question, "[d]oes R.C. § 1329.10(C) permit a plaintiff to commence or maintain an action *solely* against a fictitious names, or must the action be commenced and/or maintained against the user of the fictitious name?" *Bright*, 772 N.E.2d at 1178 (emphasis added).  The *Bright* Court held that, pursuant to § 1329.10(C), a plaintiff may commence or maintain an action "against a party named *only* by its fictitious name." *Id*. at 1180 (emphasis added).

This case is distinguishable from *Bright*.  Appellants in *Bright* only named the Practice Center in the complaint because they were unable to determine the legal entity behind the fictitious name.  *Bright*, 772 N.E.2d at 1179.  In this case, the two Trade Name Defendants are registered with the State of Ohio, and their holder, The City Hospital Association, is readily ascertainable and part of the lawsuit.  Bailey could have reasonably determined The City

(4:14-cv-2809)

Hospital Association is the legal entity behind the trade names. Bailey's failure to utilize public records does not permit her to maintain an action against the Trade Name Defendants. *Rachells, 483 F. Supp. 2d at 587*.

The Court grants the motion to dismiss as to East Liverpool City Hospital and East Liverpool City Hospital, Growing for Tomorrow and Today. Bailey's claim against East Liverpool City Hospital and East Liverpool City Hospital, Growing for Tomorrow and Today is dismissed with prejudice.

### C. River Valley Health Partners

In the Complaint, Bailey names River Valley Health Partners ("RVHP") as one of her employers since April 2010. ECF No. 1 PageID #: 2-3 at ¶ 11. Defendants argue that RVHP is a holding company that never employed Bailey or anyone else. ECF No. 11 PageID #: 56.

In order to hold RVHP liable under the ADEA, Bailey must show that RVHP was her employer within the meaning of the statute. Defendants argue that since they have admitted The City Hospital Association is Bailey's employer, RVHP cannot also be Bailey's employer. ECF No. 11 PageID #: 53-54. "Although a direct employment relationship provides the usual basis for liability under the ADEA . . . , courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer'" under certain circumstances. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997). One such doctrine is the "single employer" or "integrated enterprise" doctrine. *Id*. In the Sixth Circuit,

> [u]nder the "single employer" or "integrated enterprise" doctrine, two companies may be considered so interrelated that they constitute a single employer subject to liability under the ADEA and/or the ADA. In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, *i.e.,* common offices, common record

8

(4:14-cv-2809)

> keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control.

*Swallows*, 128 F. 2d at 993 (internal citations omitted).

In RVHP's most recent filings on the Ohio Secretary of State's website, it amended its articles of incorporation stating that its purpose, among others, was to "[p]romote the advancement of and further the aims and purposes of The City Hospital Association, by without limitation, the receipt and disbursement of financial resources for the programs of The City Hospital Association."  Ohio Secretary of State, http://www2.sos.state.oh.us/reports/rwservlet?imgc&Din=201203201196 (last visited August 31, 2015).  RVHP's President and CEO also serve as the statutory agent for both RVHP and The City Hospital Association.  The public filings for RVHP and The City Hospital Association, therefore, plausibly suggest that the two entities share interrelation of operations, common management, and common ownership and financial control.  *Swallows*, 128 F. 2d at 993.  This is sufficient to survive a 12(b)(6) motion.  *Twombly*, 550 U.S. at 570 (requiring that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face").

At this time, Bailey has plausibly suggested that RVHP may be considered her employer under the "single employer" analysis set forth in *Swallows*.  In reviewing a motion to dismiss, the Court must accept the complaint's factual allegations as true, finding that the moving parties are entitled to judgment only if the Plaintiffs "can prove no set of facts . . . that would entitle [them] to relief."  *Twombly*, 550 U.S. at 557.  Therefore, the Court denies, without prejudice, the motion to dismiss Bailey's claim against River Valley Health Partners.

(4:14-cv-2809)

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part the Defendants' Motion to Dismiss. ECF No. 11. The Court grants the motion to dismiss as to Cheryl Dieringer, East Liverpool City Hospital, and East Liverpool City Hospital, Growing for Tomorrow and Today with prejudice. The Court denies the motion to dismiss, without prejudice, as to River Valley Health Partners.

    IT IS SO ORDERED

| | |
|---|---|
| August 31, 2015 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |